OPINION
Walter Slack appeals from a judgment of the common pleas court finding him to be a sexual predator following his guilty plea to three counts of attempted rape and one count of sexual battery, in which he challenges the constitutionality of the sexual predator law and the adequacy the hearing the court conducted prior to making that determination. After a careful review of these issues, we affirm the judgment of the trial court.
On February 5, 1986, the grand jury indicted Walter Slack for four counts of rape arising out of incidents with his fourteen year-old daughter. Slack plea bargained and pled guilty to three counts of attempted rape and one count of sexual battery; the court sentenced him to concurrent terms of seven to fifteen years on each of the attempted rape counts, consecutive with a one-year term on the sexual battery count.
On August 7, 1997. the court denied Slack's motion challenging the constitutionality of the statute and conducted a sexual predator classification hearing. The court took judicial notice of the journal entries in the case, incorporated by reference the pleadings and information provided at the time trial was to have commenced, a transcript of the plea and sentencing proceedings, the presentence investigation report, and the police report including witness statements. The defense offered no evidence. The court then made a specific finding that the victim was fourteen years old at the time of the offense, and found Slack to be a sexual predator. Slack now appeals from this determination, and presents twelve assignments of error for our review, the first of which states as follows:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This same issue has been decided in State v. Cook (1998),83 Ohio St.3d 404, an opinion which is binding authority and predetermines our review of this matter. The syllabus there reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II
of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Accordingly, this assignment of error is overruled.
Assignments of error two, four, five, six, seven, eight, nine, ten, eleven, and twelve, state:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE
 "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII.
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
 XII. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
These concern issues which have been decided by a panel of our court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___. Accordingly, in conformity with that opinion, we reject those contentions and overrule those assignments of error.
Thus, our substantive review of this case concerns only the third assignment of error, which states:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Slack contends the court erred in determining him to be sexual predator because the state did not present clear and convincing evidence he is likely to participate in sexually oriented offenses in the future. The state maintains that it sustained its burden of proof in this regard. Thus, the issue before us, then, concerns whether the trial court correctly determined Slack to be a sexual predator.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offende'rs conduct.
R.C. 2950.09(B)(3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
In its consideration of relevant factors in this case, the court, after incorporating the transcript of the plea and sentencing proceedings into the record, then admitted the police report into evidence which detailed several incidents involving both vaginal and oral sex between Slack and his fourteen-year-old daughter, Teresa. The court also made a specific finding regarding the age of the victim and also considered Slack's abuse of alcohol as delineated in the record.
Thus, the determination made by the trial court conforms to R.C. 2950.09 (B). Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. P.J., and
JOHN T. PATTON, J. CONCUR
TERRENCE ODONNELL